# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY WATTS, #S14615, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18–cv–1334–DRH |
| ) | |
| CHRISTINE BROWN, ) | |
| WEXFORD MEDICAL SERVICES, ) | |
| C/O WILLIAMS, ) | |
| TRACY PEEK, and ) | |
| PINCKNEYVILLE CORRECTIONAL ) | |
| CENTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Zachary Watts, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>   (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff is confined to a wheelchair and has a colostomy bag. (Doc. 1, p. 8). On November 13, 2016, Plaintiff did not receive his medical supplies. (Doc. 1, p. 10). He informed the nurse who was passing out supplies that he needed his colostomy bags. *Id.* He ran out of colostomy bags a week prior. *Id.* Because the nurse did not have any colostomy bags, Plaintiff was forced to wear a diaper around his open stomach wound. *Id.* This was inhumane and unsanitary. *Id.* Plaintiff's

skin began to discolor and irritation and bumps formed around his open wound. *Id.* This continued for two weeks because health care did not have any colostomy bags. *Id.*

Because he feared catching a bacterial infection, Plaintiff informed Christine Brown of his medical concerns. *Id.* She told Plaintiff that she would let the nurses know. *Id.* Plaintiff began receiving colostomy bags again, but on June 11, 2017, they ran out again. *Id.* Nurse Tracy Peek informed Plaintiff while she was passing out medical supplies that health care did not have any colostomy bags ordered. *Id.* Plaintiff asked her what to do because he was on his last bag, and she told him to "use the same bag or use the clear garbage bag [his] diapers and wipes came in and if [he] didn't like it to write a grievance." (Doc. 1, p. 11). Plaintiff wrote a grievance informing Christine Brown of his medical situation letting her know that the colostomy bags were out again. *Id.*

Plaintiff spoke with Defendant C/O Williams about his medical needs. (Doc. 1, p. 8). Williams replied by asking if he looked like a doctor or nurse and told Plaintiff to lock up. *Id.* Plaintiff asked Williams to ask health care about Plaintiff's supplies, particularly his colostomy bags. *Id.* Plaintiff was left with an old colostomy bag and was not given anything to clean and sterilize his open wound.[1] *Id.*

Plaintiff seeks monetary damages from the defendants. (Doc. 1, p. 12).

## **Discussion**

---

[1] A small portion of the handwritten page appears to have been outside the margins of the scanner, so the Court cannot deduce exactly what Plaintiff is alleging at the bottom of Doc. 1, p. 8.

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need for colostomy bags in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Deliberate Indifference

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court finds that Plaintiff's alleged need for colostomy bags constitutes a serious medical need at this stage. *See Ferebee v. Cejas*, 161 F.3d 2 (4th Cir. 1998) (unpublished); *Wellman v. Faulkner*, 715 F.2d 269, 274 (7th Cir. 1983) (describing lack of sufficient colostomy bags as an aspect of plaintiffs' proof of deliberate indifference to prisoners' serious medical needs). Plaintiff has also sufficiently stated a deliberate indifference claim against Peek. He claims she told him no colostomy bags were ordered, and when he told her he was on his last one, she more or less told him it was not her problem, despite the fact that she was handing out the medical supplies.

As to Williams, a "prisoner states an Eighth Amendment claim against nonmedical prison officials if he alleges that they recklessly disregarded a substantial risk of serious pain to the prisoner." *Bentz v. Ghosh*, 718 F. App'x 413, 419 (7th Cir. 2017) (citing *Gomez v. Randle*, 680 F.3d 859, 865–66 (7th Cir. 2012)). Plaintiff claims that he spoke with Williams about his medical needs and Williams ignored him. Construing Plaintiff's allegations in his favor at this early stage, the Court finds that this states a claim against Williams.

Plaintiff has not stated a claim upon which relief may be granted against Christine Brown. He alleges that he complained to her about his lack of bags in 2016, and after he complained, he received bags. He also claims that when his bags ran out in 2017, he wrote a grievance to her, but he does not say whether he began receiving bags again or not. None of the allegations suggest that Brown was deliberately indifferent to Plaintiff's medical needs.

With respect to Wexford, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has not alleged that any of the defendants either acted or failed to act as a result of an official policy espoused by Wexford. Therefore, Plaintiff cannot maintain a deliberate indifference claim against Wexford, and Count 1 shall also be dismissed against this corporate entity.

Further, Plaintiff's claims against Pinckneyville Correctional Center must also fail. IDOC, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); *see also* 42 U.S .C. § 1983. For the same reason, Plaintiff cannot maintain a suit for damages against Pinckneyville Correctional Center, as it is a division of IDOC.

Accordingly, Count 1 will proceed against Williams and Peek and will be dismissed as against Brown, Pinckneyville, and Wexford.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on

the remaining defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **PEEK** and **WILLIAMS** and is dismissed as against all other defendants.

**IT IS FURTHER ORDERED** that **BROWN** and **WEXFORD** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **PINCKNEYVILLE** is **DISMISSED** from this action with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **PEEK** and **WILLIAMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal

7

service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.22 18:15:03 -05'00'

_____
**U.S. District Judge**